IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVIN D. BILLUPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:08CV365 |
| | ) | |
| BELLEVUE PUBLIC SCHOOLS and RICHARD D. CASEY, | ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the magistrate judge on the defendants' Motion to Strike plaintiff's request for jury trial (Doc. 25). After the motion was filed, the district court ruled on the defendants' motions for partial summary judgment. The claims remaining in the action are: (1) a Title VII claim against Bellevue Public Schools (BPS) for race discrimination, (2) a Title VII claim against BPS for retaliation, and (3) a claim for race discrimination against Richard D. Casey in his individual and official capacities pursuant to 42 U.S.C. § 1983. This motion was addressed during a telephonic Rule 16 conference on July 16, 2009.

Although Nebraska has waived sovereign immunity with respect to suits against its political subdivisions, the waiver is limited and does not permit such actions to be tried before a jury. Neb. Rev. Stat. § 13-907. I find that the plaintiff is not entitled to a trial by jury on his claims against BPS and Richard D. Casey in his official capacity. The plaintiff is entitled to a trial by jury on his claim pursuant to 42 U.S.C. § 1983 against Richard D. Casey in his individual capacity. *See, e.g., Rohren v. Centennial Pub. Sch. Dist. 67-R*, 2007 WL 4118943 at *2, No. 4:07CV3150 (D. Neb., Nov. 16, 2007).

**IT IS ORDERED** that defendants' Motion to Strike plaintiff's request for jury trial (Doc. 25) is granted as to plaintiff's claims against BPS and Richard D. Casey in his official capacity. The motion is denied as to plaintiff's claim pursuant to 42 U.S.C. § 1983 against Richard D. Casey in his individual capacity.

**DATED July 16, 2009.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**